**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MYRNA MIGLIACCIO, individually and on behalf of others similarly situated, Plaintiff, | ) | Case No. 7:25-08954 |
| v. | ) | **BONFIDE HEALTH, LLC'S ANSWER TO CLASS ACTION COMPLAINT** |
| BONAFIDE HEALTH, LLC, Defendant. | ) | **JURY TRIAL DEMANDED** |

Defendant Bonafide Health, LLC ("Bonafide") answers the Class Action Complaint ("Complaint") of Plaintiff Myrna Migliaccio ("Plaintiff") as follows.

**NATURE OF THE ACTION**

1. Bonafide admits that Plaintiff purports to bring this lawsuit on behalf of California residents as stated in Paragraph 1 but denies that Plaintiff has stated valid claims or is entitled to any relief.

2. Answering Paragraph 2, Bonafide admits that its Linked In page states, "we believe every woman should have access to safe, effective relief from menopause symptoms" and refers to its "portfolio of hormone-free, non-prescription solutions." Bonafide also admits that it offers supplements through its website www.hellobonafide.com. Bonafide denies the remaining allegations in Paragraph 2.

3. Bonafide admits that Plaintiff has accurately quoted in Paragraph 3 excerpts from the publications cited in footnotes 2 and 3. Because of the overbreadth and ambiguity of the

allegations, Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3 and, on that basis, denies such allegations.

4. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 4 to the extent it refers to all individuals visiting Bonafide's website. Bonafide denies the remaining allegations of Paragraph 4.

5. Bonafide denies the allegations of Paragraph 5.

6. Bonafide admits that Plaintiff purports to bring this action for legal and equitable remedies as stated in Paragraph 6 but denies that it has engaged in unlawful actions.

## THE PARTIES

7. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies such allegations.

8. Answering the second sentence of Paragraph 8, Bonafide admits that Revaree is a product sold by Bonafide to provide relief for vaginal dryness and denies the remaining allegations in this sentence. Bonafide denies the last sentence of Paragraph 8. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations Paragraph 8 and, on that basis, denies such allegations.

9. Answering the first sentence of Paragraph 9, Bonafide admits that its principal place of business is in Harrison, New York and denies the remaining allegations in this sentence. Bonafide admits the allegations in the second sentence of Paragraph 9.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide admits that there are in excess of 100 putative class members and that the members of the putative class are citizens of a state different from Bonafide. Bonafide denies the remaining allegations in Paragraph 10.

11. The allegations in Paragraph 10 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required Bonafide admits that it is headquartered in Westchester County, New York, and denies the remaining allegations of Paragraph 11.

12. The allegations in Paragraph 12 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide admits that it is headquartered in Westchester County, New York, and denies the remaining allegations of Paragraph 12.

**FACTUAL ALLEGATIONS**

13. Bonafide denies the allegations of Paragraph 13.

14. Because of the overbreadth and ambiguity of the allegations in Paragraph 14, Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies such allegations.

15. The allegations in Paragraph 15 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide admits the California Privacy Rights Act was enacted in 2020 and enhances consumer rights under the California Consumer Privacy Act. Bonafide admits that Plaintiff has accurately quoted Cal. Civ. Code § 1798.140(ae)(2)(B). Because of the overbreadth and ambiguity of the remaining allegations in Paragraph 15, Bonafide lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, denies such allegations.

16. The allegations in Paragraph 16 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide responds that the California Penal Code § 630 *et seq.* speaks for itself.

17. The allegations in Paragraph 17 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide responds that the California Penal Code § 631(a) speaks for itself.

18. The allegations in Paragraph 18 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide responds that the cases cited in Paragraph 18 speak for themselves.

19. The allegations in Paragraph 19 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide responds that Cal. Penal Code § 637.2 speaks for itself. Bonafide denies that Plaintiff or the putative class members are entitled to relief.

20. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies such allegations.

21. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies such allegations.

22. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies such allegations.

23. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies such allegations.

24. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies such allegations.

25. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies such allegations.

26. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies such allegations.

27. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies such allegations.

28. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies such allegations.

29. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies such allegations.

30. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies such allegations.

31. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies such allegations.

32. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies such allegations.

33. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies such allegations.

34. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies such allegations.

35. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, denies such allegations.

36. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies such allegations

37. Bonafide denies the allegations in Paragraph 37 as written, including because users have the option to reject the use of cookies upon first entry to Bonafide's site.

38. Bonafide denies the allegations of Paragraph 38.

39. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies such allegations.

40. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies such allegations.

41. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies such allegations.

42. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies such allegations.

43. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies such allegations.

44. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies such allegations.

45. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies such allegations.

46. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies such allegations.

47. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies such allegations.

48. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies such allegations.

49. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies such allegations.

50. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies such allegations.

51. Bonafide admits the first sentence of Paragraph 51 and that it tracks basic site usage and data per the default settings of the tag received from its vendors for those users who do not reject cookies. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 51 and, on that basis, denies such allegations.

52. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies such allegations.

53. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies such allegations.

54. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies such allegations.

55. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies such allegations.

56. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies such allegations.

57. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies such allegations.

58. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies such allegations.

59. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, denies such allegations.

60. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies such allegations.

61. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies such allegations.

62. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies such allegations.

63. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies such allegations.

64. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies such allegations.

65. Bonafide admits the first sentence of Paragraph 65 and admits that, consistent with its disclosure to consumers, “[b]y submitting your email address, you agree to receive marketing emails from Bonafide. We may use information collected about you on our site to suggest other products and offers….” Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65 and, on that basis, denies such allegations.

66. Bonafide admits the allegations of Paragraph 66. Bonafide denies the allegations of Paragraph 66 to the extent they misquote, improperly truncate, or take out of context Bonafide advertising.

67. Bonafide admits the allegations of Paragraph 67.

68. Bonafide denies the allegations in Paragraph 68.

69. Answering Paragraph 69, Bonafide admits that the quiz on its website asks about name, age range, symptoms, and email address, and denies the remaining allegations therein.

70. Bonafide denies the allegations of Paragraph 70.

71. Because of the overbreadth and ambiguity of the allegations, Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71, and, on that basis denies such allegations.

72. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies such allegations

73. Bonafide denies the allegations of Paragraph 73.

74. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies such allegations.

75. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies such allegations.

76. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies such allegations.

77. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies such allegations.

78. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies such allegations.

79. Answering Paragraph 79, Bonafide admits that, consistent with its disclosure to consumers, "[b]y submitting your email address, you agree to receive marketing emails from Bonafide. We may use information collected about you on our site to suggest other products and offers…." Bonafide otherwise denies the allegations in Paragraph 79, including to the extent they misquote, improperly truncate, or take out of context the content of Bonafide's website.

80. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies such allegations.

81. Bonafide denies the allegations of Paragraph 81.

82. Bonafide admits the first sentence of Paragraph 82 after the user receives certain disclosures and/or to the extent the user does not reject cookies, and denies the remaining allegations therein.

83. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 and, on that basis, denies such allegations.

84. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, denies such allegations.

85. Bonafide admits the allegations in Paragraph 85.

86. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies such allegations.

87. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies such allegations.

88. Bonafide denies the allegations in Paragraph 88.

89. Bonafide denies the allegations in Paragraph 89.

90. Bonafide denies the allegations in Paragraph 90.

91. Bonafide denies the allegations in Paragraph 91.

92. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies such allegations.

93. Bonafide denies the allegations in Paragraph 93.

94. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies such allegations.

95. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 and, on that basis, denies such allegations.

96. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 and, on that basis, denies such allegations.

97. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, denies such allegations.

98. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, denies such allegations.

99. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99 and, on that basis, denies such allegations.

100. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, denies such allegations.

101. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 and, on that basis, denies such allegations.

102. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, denies such allegations.

103. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies such allegations.

104. Bonafide denies the allegations in Paragraph 104.

105. Bonafide denies the allegations in Paragraph 105.

106. Bonafide denies the allegations in Paragraph 106.

107. Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 107 and, on that basis, denies such allegations.

108. Bonafide denies the allegations in Paragraph 108.

109. Bonafide denies the allegations in Paragraph 109.

110. Bonafide denies the allegations in Paragraph 110.

111. Bonafide denies the allegations in Paragraph 111.

## CLASS ACTION ALLEGATIONS

112. Bonafide admits Plaintiff proposes to bring claims individually and on behalf of the proposed class as defined in Paragraph 112, but denies that certification of such class is appropriate.

113. Paragraph 113 sets forth a definition to which no response is required.

114. Bonafide admits Plaintiff proposes to exclude the listed individuals from the proposed class as set forth in Paragraph 114 but denies that certification of any such class is appropriate.

115. Bonafide admits that Plaintiff purports to reserve the "rights" stated in Paragraph 115 but denies that Plaintiff has any such rights absent leave of Court.

116. **Numerosity.** Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116 and, on that basis, denies the allegations therein.

117. **Existence and Predominance of Common Questions of Fact and Law.** Bonafide denies the allegations in Paragraph 117 and the subparts thereof.

118. **Typicality.** Bonafide lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, denies the allegations therein.

119. **Adequacy.** Bonafide lacks sufficient knowledge or information to form a belief as to the truth the allegations of Paragraph 119 and, on that basis, denies the allegations therein.

120. **Superiority.** Bonafide denies the allegations in Paragraph 120.

## COUNT I
**Violation of the California Invasion of Privacy Act,**
**Cal Penal Code § 631**

121. Answering Paragraph 121, Bonafide incorporates its answer to "the allegations contained in the paragraphs above as if fully set forth herein."

122. Bonafide admits Plaintiff proposes to bring this count individually and on behalf of the proposed class as stated in Paragraph 122 but denies that certification of such class is appropriate and denies that the count has merit.

123. The allegations in Paragraph 123 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide responds that the California Invasion of Privacy Act speaks for itself.

124. The allegations in Paragraph 124 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide responds that California Penal Code § 631(a) speaks for itself.

125. The allegations in Paragraph 125 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide responds that California Penal Code § 631(a) speaks for itself.

126. The allegations in Paragraph 126 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide responds that California Penal Code § 631(a) speaks for itself.

127. Bonafide denies the allegations of Paragraph 127.

128. Bonafide denies the allegations of Paragraph 128.

129. Bonafide denies the allegations of Paragraph 129 and its subparts.

130. Bonafide denies the allegations of Paragraph 130.

131. Bonafide denies the allegations of Paragraph 131.

132. Bonafide denies the allegations in the first and last sentences of Paragraph 132. The allegations in the second sentence of Paragraph 132 raise a legal issue to which no answer is needed. To the extent these allegations raise factual issues for which an answer is required, Bonafide responds that California Penal Code § 637.2 speaks for itself.

## COUNT II
## Violation of the California Invasion of Privacy Act, Cal. Penal Code § 632

133. Answering Paragraph 133, Bonafide incorporates its answer to "the allegations contained in the paragraphs above as if fully set forth herein."

134. Bonafide admits Plaintiff proposes to bring this count individually and on behalf of the proposed class as stated in Paragraph 134 but denies that certification of such class is appropriate and denies that the count has merit.

135. Bonafide denies the allegations of Paragraph 135 and its subparts.

136. Bonafide denies the allegations of Paragraph 136.

137. Bonafide denies the allegations of Paragraph 137.

138. Bonafide denies the allegations of Paragraph 138

**COUNT III**
**Invasion of Privacy Under California's Constitution/Intrusion Upon Seclusion**
**(On Behalf of the Nationwide Class)**

139. Answering Paragraph 139, Bonafide incorporates its answer to "the allegations contained in the paragraphs above as if fully set forth herein."

140. Bonafide admits Plaintiff proposes to bring this count individually and on behalf of the proposed class as stated in Paragraph 140 but denies that certification of such class is appropriate and denies that the count has merit.

141. Bonafide denies the allegations of Paragraph 141.

142. Bonafide denies the allegations of Paragraph 142.

143. Bonafide denies the allegations of Paragraph 143.

144. Bonafide denies the allegations of Paragraph 144.

145. Bonafide denies the allegations of Paragraph 145.

146. Bonafide denies the allegations of Paragraph 146.

147. Bonafide admits Plaintiff and the putative class members seek relief as stated in Paragraph 147 but denies that they are entitled to any such relief.

**PRAYER FOR RELIEF**

148. Bonafide denies that Plaintiff or members of the putative class are entitled to any of the relief requested.

## **Additional Defenses**[1]

### **First Additional Defense**

The complaint is barred by the applicable statute of limitations and/or the doctrine of laches.

### **Second Additional Defense**

The complaint fails to state a claim upon which relief may be granted.

### **Third Additional Defense**

The complaint is barred because there is a binding arbitration provision.

### **Fourth Additional Defense**

The complaint is barred because the Court lacks jurisdiction.

### **Fifth Additional Defense**

The complaint is barred by the applicable class action waiver.

### **Sixth Additional Defense**

The complaint is barred to the extent Plaintiff lacks standing.

### **Seventh Additional Defense**

The complaint is barred to the extent Defendant was a party to the applicable communications.

### **Eighth Additional Defense**

The complaint is barred because Plaintiff consented to the alleged collection or routing of communications data.

### **Ninth Additional Defense**

The complaint is barred to the extent that Plaintiff's allegations relate to the collection of data after receipt or storage.

### **Tenth Additional Defense**

The complaint is barred to the extent that no protected "content" was intercepted.

[1] Defendant does not take on the burden of proof on any of the Additional Defenses to the extent that the Additional Defenses do not constitute affirmative defenses and to the extent the law does not require Defendant to carry the burden of proof on any of the Additional Defenses.

**Eleventh Additional Defense**

The complaint is barred insofar as the allegedly wrongful conduct was not intentional or purposeful, but rather incidental, automatic, or outside the Defendant's control.

**Twelfth Additional Defense**

The complaint is barred insofar as the technology at issue does not constitute a prohibited "device" used to tap a wire or electronic communication.

**Thirteenth Additional Defense**

Under CIPA, punitive damages are not permitted.

**Fourteenth Additional Defense**

The complaint is barred to the extent it seeks class certification, as Plaintiff does not meet the standard for the Court to certify a class.

**Fifteenth Additional Defense**

The complaint is barred on the grounds of waiver, estoppel, unclean hands, failure to mitigate alleged damages, and unjust enrichment.

WHEREFORE, Defendant respectfully requests that the court dismiss the complaint, enter judgment in favor of Defendant, and award such other relief as the Court deems appropriate.

Respectfully submitted,

BONAFIDE HEALTH, LLC

By its Attorney,

/s/ *Mitchell R. Edwards*
Mitchell R. Edwards (#ME6003)
HINCKLEY ALLEN & SNYDER LLP
100 Westminster Street, Suite 1500,
Providence, Rhode Island 02903
Tel. (401) 274-2000
Fax. (401) 277-9600
Email: medwards@hinckleyallen.com

DATED: January 13, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

/s/ *Mitchell R. Edwards*